## No. 298.

### S. J. ZEIGLER VS. A. R. THOMPSON, TAX COLLECTOR.

.Act 33 of 1879 constituted Bossier parish a sub-levee district and authorized the Police Jury to discharge the duties of levee commissioners.

Under this authority it levied a tax of ten mills for the erection and repairs of levees.

*Held*, that this power was withdrawn from the Police Jury by the adoption of the Constitution of 1879, and has never been restored to it, with the exception of the power to repair and protect completed levees.

·That Art. 214 of the Constitution did not authorize the Police Jury of Bossier to levy·the tax, as the Police Jury could not act as a Board of Levee Commissioners.

APPEAL from the Second District Court, Parish of Bossier.
·    Boone, J.

### *Land & Land* for Plaintiff and Appellant:

.1.   All powers of levee taxation vested in Police Juries by Act 33 of 1879 were abro-gated by the Constitution of 1879.

2.,  Article 214 of the Constitution vests in Levee Commissioners, to be appointed or elected, the supervision of the erection, repairs and maintenance of pub-lic levees, and the power to levy taxes for that purpose. Since the adoption of that Constitution the power of Police Juries has been restricted to police supervision of completed public levees.

·3.   Police Jurors are not levee commissioners, appointed or elected as such, and sub-districts are not levee districts. The restrictions on the taxing power of Police Juries, contained in the Constitution, can not be annulled by calling or styling them Boards of Levee Commissioners.

### *J. A. W. Lowry*, District Attorney, for Defendant and Appellee:

The Police Juries of the various sub-levee districts constitute Boards of Levee Commissioners in and for their respective parishes, and are vested with the same duties and powers, within the limits of their parishes, that pertain to the Boards of Levee Commissioners in the general levee districts of the State, and, for levee purposes, have power to levy a tax of ten mills on all the real estate and taxable property within the alluvial portions of their respective parishes, without regard to the general tax levy authorized for ordinary paro-chial purposes, and without submitting same to a vote. Act 33 of 1879, Article

214, State Constitution, with amendment; Act 8 of 1888; Charnock vs. Levee Company, 38 An. 323; Planting and Manufacturing Company vs. Tax Collector 39 An. 455; Munson et als. vs. Board of Commissioners, 43 An. 15; Minor and Cage (consolidated) vs. Sheriff, 43 An. 337.

The opinion of the court was delivered by

McEnery, J.   Act No. 33 of 1879 established certain levee districts in the State.   The parish of Bossier was not put in any district, but the act provided that it should be a sub-district, and that the Police Jury should discharge the duties incumbent upon the levee commissioners in the districts established by the act.

The Police Juries in the several districts were charged with the care and the preservation of completed levees.

Under the act, 33 of 1879, the Police Jury of Bossier parish levied a tax of ten mills, for the year 1890, on the property situated in the alluvial portion of said parish, to construct and repair levees.

Real and personal property, owned by the plaintiff, was assessed and advertised for sale, to enforce the collection of said tax.

He enjoined the sale of his property, on the ground that the tax was illegal and unconstitutional, violating Articles 209 and 214 of the Constitution of 1879.

Under Act 33 of 1879, police juries had no power to build levees. They were only intrusted with the care and the preservation of levees constructed by the State and turned over to them.   A fair construction of the act, conferring upon the Police Jury of Bossier the duties of levee commissioners, would confine their duties to the care and preservation of completed levees.

In the case of Surget vs. Chase, Tax Collector, 33 An. 838, we said: "Previous to the legislation contained in Act No. 20 of 1866, and Act 115 of 1867, the police juries in this State were vested with all powers touching public levees.   But from that time to the date of the adoption of the Constitution of 1879, their power was absolutely withdrawn from them, and was never restored to them, with the exception of the power to repair and protect completed levees. No greater powers on the subject are conferred by Act 88 of 1880."

And in the same case we said "that any legislation which would have attempted to confer on police juries the power to build public levees and to levy special taxes for the costs of building levees, would be glaringly unconstitutional, and could not be enforced by

the courts unless the authority be found in Article 209 or Article 242, on which we express no opinion now."

It is necessary that police juries exercising the taxing power should point to some authority to justify them in so doing. This levy is a special tax of 10 mills, under Article 214 of the Constitution of the State. This article authorizes the commissioners of the levee districts to levy that tax. It does not give the power to police juries. Police juries are subordinate political corporations of the State. Their duties and powers are specially limited by the Constitution of 1879, and their powers can not be enlarged beyond the limitations therein expressed. They can not be made levee commissioners, because it would destroy their organization as police juries, and be conferring upon them a dual capacity totally in violation of the spirit, if not the text, of the Constitution.

It was contemplated by Article 214 of the Constitution that levee districts should be distinct corporations, with special powers, entirely separate from the political coporations of the State. They are administered by commissioners, who have the power alone to levy the district levee tax, and who alone have the authority to build levees under legislative sanction. We do not intimate that the levee districts have such control of the levees as to exclude the paramount control of the State, nor do we intimate that the Legislature can not make one parish a levee district, under Article 214 of the Constitution.

We therefore conclude that the Police Jury had no legal mandate to levy this tax, and that all its proceedings in attempting to levy and collect the same were without legal authority, clearly unconstitutional, null and void.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed; and it is now ordered that the ordinance of the Police Jury of Bossier parish, levying a special tax on the property situated in the alluvial portion of said parish, be declared unconstitutional, null and void, and that the defendant Tax Collector be perpetually enjoined from collecting said tax, and that he be condemned to pay the costs of both courts.